UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
LANDMARK CHEMICALS, SA.,  : 03 Civ. 2130 (RJH)
:
                Plaintiff, :
:
  -v- : **MEMORANDUM OPINION AND**
: **ORDER**
MERRILL LYNCH & Co., et al., :
:
                Defendant. :
:
------------------------------------------------------------x

      Defendant / interpleader-plaintiff Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") seeks reimbursement for $67,708.30 in attorneys' fees and $1,389.01 in costs for legal services rendered by Dorsey & Whitney LLP in connection with its counterclaim for interpleader. For the reasons set forth below, the Court grants Merrill Lynch attorneys' fees in the amount of $51,000, and costs in the amount of $1,389.01.

**I. BACKGROUND**

      On March 27, 2003, plaintiff Landmark Chemicals, S.A. ("Landmark") initiated an action against Merrill Lynch seeking to recover approximately $1.2 million held in a Merrill Lynch account by a third company, Cinderella Limited. Merrill Lynch responded by interpleading Cinderella Limited and a third party, Ms. Violetta Nicol, who also claimed an interest in the contested funds. Merrill Lynch then moved to be discharged from the action pursuant to Rule 22 of the Federal Rules of Civil Procedure. After concluding that Merrill Lynch had "no beneficial interest" in the funds, the Court granted the discharge motion on the condition that the funds be transferred to an account maintained by the Court. Merrill Lynch met

that condition. The Court deferred ruling on the question of attorneys' fees and costs, and turns to that issue now.

## II. DISCUSSION

Attorneys' fees are commonly awarded to an innocent stakeholder who successfully initiates a suit as an interpleader under Rule 22. *Algemene Bank Nederland, N.V. v. Soysen Tarim Urunleri Dis Ticaret Ve Sanayi, A.S.*, 748 F. Supp 177, 183-84 (S.D.N.Y. 1990) (citing *A/S Krediit Pank v. Chase Manhattan Bank*, 303 F.2d 648, 649 (2d Cir. 1962)). To recoup attorneys' fees and costs, a court must find (1) a disinterested stakeholder, (2) who has conceded liability, (3) has deposited the disputed funds into court, and (4) has sought a discharge from liability. *Septembertide Publ'g, B.V. v. Stein & Day, Inc.*, 884 F.2d 675, 683 (S.D.N.Y. 1989). Merrill Lynch has plainly met these requirements and is therefore entitled to recover its reasonable attorneys' fees and costs in this case. (*See* Transcript of Feb. 17, 2005 Hearing).

District courts have broad discretion when calculating a fee awarded. *Pressman v. Estate of Steinvorth*, 886 F. Supp. 365, 366-67 (S.D.N.Y. 1995) (citations omitted). In determining the amount of attorneys' fees awarded, courts typically weigh several factors. *Smith Barney, Harris Upham & Co., Inc. v. Connolly*, 887 F. Supp. 337, 346 (D.Mass. 1994). Relevant factors may include the complexity of the case, whether the stakeholders performed any unique services to the court or claimant, good faith and diligence on the part of the stakeholder, whether the services rendered benefited the stakeholder, and to what extent the stakeholder protracted the proceedings. *Id.*; *see generally*, 7 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1719 (3d ed. 2001) ("Wright & Miller"). Typically, the District Court determines the amount awarded by multiplying a reasonable number of hours by a reasonable hourly rate. *DiFilippo v. Morizio*, 759 F.2d 231, 234 (2d Cir. 1985).

In the present case, Merrill Lynch submitted a request for $67,708.30 in attorneys' fees, based on approximately 250 billable hours, and $1,389.01 in costs. Merrill Lynch's proposed hourly rates range from $285.00 to $590.00 per hour (less a 15% discount), although the average rate for all charges is at the low end of that spectrum. Having reviewed Merrill Lynch's submissions in this case, as well as awards in similar cases, the Court finds the proposed hourly rates to be commensurate with those typical in the prevailing community. *See eg. Yurman Design, Inc. v. PAJ, Inc.*, 125 F. Supp. 2d 54, 58 (S.D.N.Y. 2000) (approving rates of $278.50 per hour for associates, and $520.69 per hour for partners in a copyright case).

However, the Court concludes that 250 hours in billable time is somewhat excessive. *See e.g. Estate of Ellington v. EMI Catalogue Partnership*, 282 F. Supp. 2d 192, 194 (S.D.N.Y. 2003) (stating, "the typical interpleader claim does not involve extensive or complicated litigation, and thus fees should be relatively modest.") (internal quotation marks omitted). This conclusion is supported by a review of attorneys' fees awards in similar cases involving stakeholder discharges. *See e.g. Johnson v. Electrolux Corp.*, 763 F. Supp 1181, 1189 (D. Conn. 1991) (awarding $1,000 in an interpleader action); *Chemical Bank v. Richmul Associates*, 666 F. Supp. 616, 620 (S.D.N.Y. 1987) (awarding $7,357.16 for 65 hours work); *Estate of Ellington*, at 195 (S.D.N.Y. 2003) (awarding $9,000 in fees and $1,000 in costs); *Pressman*, at 370-71 (S.D.N.Y. 1995) (awarding a total of $2,719.11 for 44.5 listed hours of billed work). To be sure, the Court recognizes that Merrill Lynch faced procedural complications in bringing its discharge action, for example by having to serve foreign parties; the Court also acknowledges that the discharge motion was opposed and fully litigated. Landmark, therefore, bears some responsibility for the protracted nature of the proceedings. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Clemente,* 98 Civ.1756, 2001 WL 536929 (S.D.N.Y. May 21, 2001) (awarding fees

and expenses of $263,964 in interpleader action with multiple foreign defendants); Wright & Miller, § 1719 (courts should consider whether claimants improperly protracted the proceedings). Nevertheless, in light of the fact that the Court has found Landmark to be the proper recipient of the funds, the attorneys' fees awarded to Merrill Lynch should be kept within reason. *Estate of Ellington*, at 194 (citing *John Hanconck Mut. Life Ins. Co. v. Doran*, 138 F. Supp. 47, 50 n.2 (S.D.N.Y. 1956)). Upon a careful review of the billing entries submitted with Merrill Lynch's application, the Court concludes that time charges should be reduced by approximately 25% resulting in a fee award of $51,000 for the services rendered in connection with the interpleader action. The Court also awards $1,389.01 in costs for a total of $52,389.01 to be paid from the fund.

SO ORDERED.

Dated: New York, New York
September 8, 2005

Richard J. Holwell
United States District Judge